UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. MEMO VERA,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,[1]<br><br>    Respondent. | Case No. 1:23-cv-00884-NODJ-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION WITHOUT PREJUDICE<br><br>(ECF No. 9)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE CHRISTIAN PFEIFFER AS RESPONDENT |

**I.**

**BACKGROUND**

On June 9, 2023, Petitioner filed the instant petition for writ of habeas corpus challenging ongoing Kern County Superior Court criminal proceedings on the following grounds: (1) magistrate erroneously decreed Petitioner's motion to dismiss pursuant to the Sixth Amendment was premature, in violation of due process; (2) law enforcement officials conspired to obstruct Petitioner's access to the courtroom and attorneys refused to provide legal assistance; (3) motion hearings were scheduled but have never taken place; and (4) Petitioner was committed without probable cause. (ECF No. 1 at 4–5.)[2]

---

[1] Christian Pfeiffer is the Warden of the Kern Valley State Prison, where Petitioner is currently housed. (ECF No. 9 at 1 n.1.) Accordingly, Christian Pfeiffer is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  On October 3, 2023, Respondent moved to dismiss the petition based on <u>Younger v.
2  Harris</u>, 401 U.S. 37 (1971), and for failure to exhaust state judicial remedies. (ECF No. 9.) On
3  December 28, 2023, Petitioner filed an opposition. (ECF No. 15.) On January 11, 2024,
4  Respondent filed a reply. (ECF No. 16.)

**II.**

**DISCUSSION**

7  Habeas petitions are subject to an exhaustion requirement—either a judicially-created
8  prudential one under 28 U.S.C. § 2241, <u>Dominguez v. Kernan</u>, 906 F.3d 1127, 1135 n.9 (9th Cir.
9  2018), or a statutory one under 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity
10 to the state court and gives the state court the initial opportunity to correct the state's alleged
11 constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>,
12 455 U.S. 509, 518 (1982). A petitioner in state custody can satisfy the exhaustion requirement by
13 providing the highest state court with a full and fair opportunity to consider each claim before
14 presenting it to the federal court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>Duncan v.
15 Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).

16 Here, Petitioner has filed a petition for writ of habeas corpus and a petition for immediate
17 release in the California Court of Appeal and two petitions for writ of habeas corpus in the Kern
18 County Superior Court. (ECF No. 9 at 2 n.2.) On April 7, 2023, Petitioner filed a petition for
19 review in the California Supreme Court, but the petition for review was ordered stricken because
20 Petitioner was represented by counsel and thus, was "not entitled to submit a petition for review
21 on [his] own behalf." (ECF No. 11-2.) Subsequently, on September 5, 2023, Petitioner filed a
22 state petition for writ of habeas corpus in the California Supreme Court. (ECF No. 11-3.)

23 "The appropriate time to assess whether a prisoner has exhausted his state remedies is
24 when the federal habeas petition is filed, not when it comes on for a hearing in the district court
25 or court of appeals." <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (internal quotation
26 marks omitted) (quoting <u>Brown v. Maass</u>, 11 F.3d 914, 915 (9th Cir. 1993)). Although Petitioner
27 filed a petition for review in the California Supreme Court on April 7, 2023, before he filed the
28 instant federal habeas petition in this Court, the petition for review was ordered stricken and

thus, does not constitute fair presentation that would satisfy the exhaustion requirement. See Roettgen v. Copeland, 33 F.3d 36, 39 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." (citing Castille v. Peoples, 489 U.S. 346, 351 (1989))). Additionally, Petitioner filing a state habeas petition in the California Supreme Court *after* commencing the instant habeas proceeding in this Court does not satisfy the exhaustion requirement because "[t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed." Gatlin, 189 F.3d at 889. Accordingly, the Court finds that the petition is unexhausted and dismissal is warranted on this ground.[3]

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 9) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to SUBSTITUTE Christian Pfeiffer as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within

---

[3] In light of this conclusion, the Court declines to address whether dismissal is appropriate pursuant to Younger v. Harris, 401 U.S. 37 (1971).

the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 17, 2024**

UNITED STATES MAGISTRATE JUDGE