# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. MEMO VERA,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | Case No. 1:23-cv-00884-NODJ-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTIONS FOR SANCTIONS<br><br>(ECF Nos. 6, 15) |

On June 9, 2023, Petitioner filed a petition for writ of habeas corpus challenging his ongoing Kern County Superior Court criminal proceedings. (ECF No. 1.) On October 3, 2023, Respondent filed a motion to dismiss. (ECF No. 9.) On January 18, 2024,[1] the Court issued findings and recommendation recommending that the motion to dismiss be granted and the petition be dismissed for failure to exhaust state remedies. (ECF No. 17.)

On July 17, 2023, Petitioner filed a motion for sanctions, citing to 28 U.S.C. § 1927, Rule 502 of the Federal Rules of Evidence, and Rule 6 of the Federal Rules of Civil Procedure. (ECF No. 6.) In the motion, Petitioner complains of being referred to a psychologist in his state criminal proceedings who allegedly previously fabricated a finding of incompetence. Petitioner alleges that because Petitioner declined to speak with the psychologist, the psychologist falsely speculated that Petitioner was paranoid and unable to represent himself. (Id.) As the basis of the

---

[1] The findings and recommendation was signed on January 17, 2024, but not docketed until January 18, 2024.

1  motion are actions of a party not before this Court and over whom this Court does not have
2  jurisdiction, the Court finds that sanctions are not warranted and the motion should be denied.

3        On December 28, 2023, Petitioner filed his opposition to the motion to dismiss. (ECF No.
4  15.) Therein, Petitioner appears to request Rule 11 sanctions based on Respondent's "disputed
5  allegations." (ECF No. 15 at 1.) Federal Rule of Civil Procedure 11 sanctions are justified if a
6  party or their attorney submits a pleading to the court which is submitted for an improper
7  purpose, is frivolous, has no evidentiary support or not warranted by the evidence. Fed. R. Civ.
8  P. 11(c). A party moving for Rule 11 sanctions bears the burden to show why sanctions are
9  justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987).
10 The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be
11 exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336,
12 1345 (9th Cir. 1988). Here, as set forth in the findings and recommendation, (ECF No. 17), the
13 Court has found that Respondent's argument in the motion to dismiss is persuasive and that
14 dismissal is warranted based on failure to exhaust. Therefore, the Court finds that Petitioner has
15 not satisfied his burden of showing why sanctions are justified and the motion should be denied.

16       Accordingly, the Court HEREBY ORDERS that Petitioner's motions for sanctions (ECF
17 Nos. 6, 15) are DENIED.

IT IS SO ORDERED.

Dated: **January 19, 2024**

UNITED STATES MAGISTRATE JUDGE