1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  G. MEMO VERA, | No.  1:23-cv-00884-KES-SAB (HC) |
| 12           Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING PETITIONER'S MOTION TO AMEND FINDINGS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| 13      v. | |
| 14  CHRISTIAN PFEIFFER, | |
| 15           Respondent. | |
| 16 | |
| 17 | (Docs. 9, 17, 20) |
| 18 | |

19        Petitioner G. Memo Vera is a state prisoner proceeding pro se with a petition for writ of

20  habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States

21  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22        On January 18, 2024,[1] the assigned magistrate judge issued findings and recommendations

23  recommending that respondent's motion to dismiss be granted and the petition be dismissed

24  without prejudice for failure to exhaust state judicial remedies.  Doc. 17.  The findings and

25  recommendations were served on the parties and contained notice that any objections were to be

26  filed within thirty (30) days of the date of service of the findings and recommendations.  *Id.*  On

27  February 2, 2024, petitioner filed timely objections. Doc. 19.  On February 12, 2024, petitioner

28  _____

[1] The findings and recommendations were signed on January 17, 2024, but not docketed until January 18, 2024.

1  filed a motion to amend the findings and recommendation.  Doc. 20.

2  In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de

3  novo review of the case.  Having carefully reviewed the file, including petitioner's objections, the

4  court holds the findings and recommendations to be supported by the record and proper analysis.

5  Having found that petitioner is not entitled to habeas relief, the court now turns to whether

6  a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no

7  absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed

8  only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C.

9  § 2253.  Where, as here, the court denies habeas relief on procedural grounds without reaching

10  the underlying constitutional claims, the court should issue a certificate of appealability "if jurists

11  of reason would find it debatable whether the petition states a valid claim of the denial of a

12  constitutional right and that jurists of reason would find it debatable whether the district court was

13  correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain

14  procedural bar is present and the district court is correct to invoke it to dispose of the case, a

15  reasonable jurist could not conclude either that the district court erred in dismissing the petition or

16  that the petitioner should be allowed to proceed further." *Id.*

17  In the present case, the court finds that reasonable jurists would not find the Court's

18  determination that the petition should be dismissed debatable, wrong, or deserving of

19  encouragement to proceed further.  Therefore, the court declines to issue a certificate of

20  appealability.

21  Accordingly:

22  1.  The findings and recommendations issued on January 18, 2024, Doc. 17, are adopted

23  in full;

24  2.  Respondent's motion to dismiss, Doc. 9, is granted;

25  3.  Petitioner's motion to amend the findings, Doc. 20, is denied;

26  4.  The petition for writ of habeas corpus is dismissed without prejudice;

27  ///

28  ///

2

5.  The Clerk of Court is directed to close the case; and

6.  The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 30, 2024

_____
UNITED STATES DISTRICT JUDGE